IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Southern Division

Nikol M. Dor
        c/o Wendell Finner PC
        9407 Harford Road
        Baltimore MD 21234
                      CASE NO.

Plaintiff,

vs.

Blank, Moorstein & Lipshutz, LLP
    Serve on:    Barton D. Moorstein, Resident Agent
                      111 Rockville Pike, Suite 400
                      Rockville, MD  20850

Defendant

_____

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    Nikol M. Dor, Plaintiff, sues Blank, Moorstein & Lipshutz, LLP (Debt Collector) for its violations of the Fair Debt Collection Practices Act (FDCPA).  Fundamentally this case is about Defendants' refusal to respect Ms. Dor's consumer rights by filing a false and deceptive consumer debt collection suit against her on behalf of Gold and Silver Auto Sales, LLC d/b/a Auto Market (Dealership) to collect an alleged deficiency on an automobile financing agreement when Debt Collector knew that Dealership, which had failed to send notices required by Maryland law, was not entitled to a deficiency from Ms. Dor.

### PARTIES, JURISDICTION, AND VENUE

2.    Ms. Dor is a natural person residing in Frederick County, Maryland and is a "consumer" as defined in the FDCPA.

3. Debt Collector is a limited liability partnership formed under the laws of Maryland with its principal place of business in Rockville, Maryland. It is engaged in the business of collecting debts asserted to be owed to entities other than Debt Collector.

4. The Court has jurisdiction under 15 U.S.C. §1692l, 28 U.S.C. §1331.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b)(2) and Local Rule 501(4)(b)(ii).

## FACTUAL BACKGROUND

6. Ms. Dor had an alleged consumer debt to Dealership arising from the purchase of a 2014 Volkswagen Passat (the Vehicle).

7. When a dispute arose over the condition of the Vehicle, Dealership repossessed it on December 2, 2016.

8. Dealership did not give Ms. Dor the pre-repossession notice described by Md. Code, Com. L. §12-1021(c).

9. Dealership did not give Ms. Dor the post-repossession notice described by Md. Code, Com. L. §12-1021(e).

10. Dealership did not give Ms. Dor the pre-sale notice described by Md. Code, Com. L. §12-1021(j)(1)(ii).

11. Dealership did not give Ms. Dor the post-sale accounting described by Md. Code, Com. L. §12-1021(j)(2).

12. Because of its failure to give the pre-repossession and post-repossession notices, Dealership was, pursuant to statute, not allowed to assess repossession costs against the Vehicle and was not entitled to a deficiency judgment in any amount.

13. Debt Collector filed suit on February 10, 2017 in the District Court for Prince Georges County (the Deficiency Suit) on behalf of Dealership, which falsely stated that there was a balance due on the automobile financing agreement. A true and correct copy of the Complaint filed by Debt Collector is attached as Exhibit A.

14. Debt Collector had actual knowledge at the time of filing the Deficiency Suit that Dealership had not given the pre- and post-repossession notices to Ms. Dor.

15. Ms. Dor suffered emotional distress as the result of the Deficiency Suit, and was required to retain counsel to represent her in its defense.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

16. By bringing the fraudulent Deficiency Suit against Ms. Dor and making the false statements contained in the Complaint, Debt Collector falsely represented the character, amount, and legal status of Ms. Dor's alleged debt to Dealership in violation of 15 U.S.C. §1692e(2)(A).

17. By bringing the fraudulent Deficiency Suit against Ms. Dor and making the false statements contained in the Complaint, Debt Collector engaged in conduct the natural result of which was to harass, oppress and abuse Ms. Dor in violation of 15 U.S.C. §1692d.

18. By bringing the fraudulent Deficiency Suit against Ms. Dor and making the false statements contained in the Complaint, Debt Collector used unfair and unconscionable means to collect Ms. Dor's alleged debt to Dealership in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff, Nikol M. Dor, demands judgment against Blank, Moorstein & Lipshutz, LLP for actual and statutory damages, attorneys' fees, interest and costs of suit.

## **JURY DEMAND**

Ms. Dor demands trial by jury.

/s Wendell Finner
WENDELL FINNER, Bar No. 04379
9407 Harford Road
Baltimore, Maryland 21234
(410) 929-2440
(410) 449-1170 fax
himself@wendellfinner.com
*Attorney for Plaintiff*

**DISTRICT COURT OF MARYLAND FOR** Prince George's County

LOCATED AT (COURT ADDRESS)
14735 Main Street
Upper Marlboro, Maryland 20743

**CASE NO.**
CV

**COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
☐ $5,000 or under ☒ over $5,000 ☐ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☐ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim
The particulars of this case are:

Please see the attached complaint.

**PARTIES**

Plaintiff
Gold and Silver Auto Sales LLC, d/b/a Auto Market
13400 Baltimore Avenue
Laurel, Maryland 20707-9425

VS.

Defendant(s):
1. Nikol M. Dor
13318 Old Annapolis Road
Mount Airy, Maryland 21771

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

RECEIVED FEB 10 '17

3.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)

The Plaintiff claims $ 7,677.58 , plus interest of $ _____ ,
Interest at the ☐ legal rate ☐ contractual rate calculated at _____
%, from _____ to _____ ( ___ days x $ ___
per day) and attorney's fees of $ _____ plus court costs.

4.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

☐ Return of the property and damages of $ _____
for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
$ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

Signature of Plaintiff/Attorney/Attorney Code #6046

**ATTORNEYS**

For Plaintiff - Name, Address, Telephone Number & Code
Stuart Lipshutz, Esq., # 6046
Blank, Moorstein & Lipshutz, LLP
111 Rockville Pike, Suite 400
Rockville, Maryland 20850
301-279-2200

Printed Name: Stuart Lipshutz, Esq.
Address: 111 Rockville Pike, Suite 400, Rockville, MD 20850
Telephone Number: 301-279-2200
Fax: 301-279-7138
E-mail: SLipshutz@BML-LAW.com

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s) _____ is/are in the military service.
Name
☐ No Defendant is in the military service. The facts supporting this statement are: _____

Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☒ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

2/7/17
Date

Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT** (See Plaintiff Notice on Back Page)
Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_____
Date

_____
Signature of Affiant

DC-CV-001 (front) (Rev. 01/2016)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:

   - **more than $5,000,** you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).

   - **$5,000 or less,** you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.
2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.
3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.
4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.
5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

### NOTICE TO PLAINTIFF

**REQUESTING A JUDGMENT BY AFFIDAVIT OR DEFAULT:**
Federal Law requires the filing of a military service affidavit. Information about the Servicemembers Civil Relief Act and the required affidavit can be found on the court's website at: http://mdcourts.gov/reference/scra.html.

**AFTER THE COURT ENTERS A JUDGMENT:**
1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.
2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

DC-CV-001 (back) (Rev. 01/2016)

IN THE DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

GOLD AND SILVER AUTO SALES LLC    *
d/b/a AUTO MARKET
13400 Baltimore Avenue             *
Laurel, MD 20707-9425
                                   *
        Plaintiff
                                   *
   v.                                      Case No.: _____
                                   *
NIKOL M. DOR
13318 Old Annapolis Road           *
Mount Airy, MD 21771
                                   *
        Defendant                  *

## COMPLAINT

Comes now the Plaintiff, Gold and Silver Auto Sales LLC d/b/a Auto Market (hereinafter, "Auto Market"), by and through its attorneys, Stuart Lipshutz, Esquire and Blank, Moorstein & Lipshutz, L.L.P., and for a Complaint against Defendant NIKOL M. DOR and states as follows:

1.  Plaintiff Auto Market is an Automobile Car Dealer in Laurel, Prince George's County, Maryland.

2.  Defendant is an adult resident of Frederick County, Maryland who purchased a 2014 Volkswagen Passat from Plaintiff on or about July 24, 2015. Said Buyer's Order evidencing the agreement is attached and incorporated hereto as Exhibit "1".

3.  That the Defendant purchased the vehicle for a total price of $14,027.58 and arranged for financing on the vehicle through GatewayOne Lending attached hereto as Exhibit "2".

1

4. That Plaintiff secured a valid lien on the vehicle as evidenced by the Re-assignment of Contract attached hereto as Exhibit "3".

5. That Defendant failed to make any payments and Plaintiff was not paid the purchase price due.

6. That despite the valid agreement, Defendant has failed to pay the amount due and owing without reason or legal justification.

7. That the subject vehicle was subsequently repossessed and sold by the Plaintiff for a loss of $7,677.58.

WHEREFORE, the Plaintiff, Auto Market demands judgment against the Defendant, NIKOL M. DOR in the sum of $7,677.58, besides costs.

                                                Respectfully submitted,

_____
Stuart Lipshutz, Esquire
Blank, Moorstein & Lipshutz, L.L.P.
111 Rockville Pike, Suite 400
Rockville, Maryland 20850
Phone: (301) 279-2200
Fax: (301) 279-7138
Email: slipshutz@bml-law.com
Attorney for Plaintiff

# Buyer's Order

**Dealer/Seller Name and Address**
Auto Market
13400 Baltimore Ave # A1
Laurel, MD 20707

(240) 264-6393

**Buyer/Co-Buyer Name(s) and Address(es)**
Nikol Michel Dor
13318 Old Anapolis Rd
Mount Airy, MD 21771

(718) 909-5399

Date 4/30/2016
App No.

Stock No.
Contract No. 1068

Salesperson

## Vehicle Information

☐ New   ☒ Used   ☐ Demo
Year 2014        Lic. No.
Make Volkswagen  Odometer Reading 23560
Model Passat     Color
Body Style Sedan
VIN 1vwat7a33ec070477
Other

## Insurance Information

Buyer has arranged insurance on the motor vehicle.
Insurance Company
Policy No.

## Trade-In Information

**Trade-in 1**
Year            Lic. No.
Make            Odometer Reading
Model           Color
Body Style
VIN
Lienholder Name
Address

Phone           Payoff N/A
Payoff good through
Approved

**Trade-in 2**
Year            Lic. No.
Make            Odometer Reading
Model           Color
Body Style
VIN
Lienholder Name
Address

Phone           Payoff N/A
Payoff good through
Approved

## Itemization of Sale

| # | Item | Amount |
|---|------|--------|
| 1. | Vehicle Sales Price | $ 12993.00 |
| 2. | Sales Tax | $ 779.58 |
| 3. | Subtotal (Add lines 1 + 2) | $ 13772.58 |

**Title, License & Other Fees**

| # | Item | Amount |
|---|------|--------|
| 4. | | $ N/A |
| 5. | License | $ N/A |
| 6. | Registration | $ 135.00 |
| 7. | Title | $ 100.00 |
| 8. | Lien Fee | $ 20.00 |
| 9. | Inspection Fee | $ N/A |
| 10. | Lender Processing | $ N/A |
| 11. | | $ N/A |
| 12. | | $ N/A |
| 13. | | $ N/A |
| 14. | | $ N/A |
| 15. | Total Other Fees (Add lines 4 through 14) | $ 255.00 |

**Additional Products**

| # | Item | Amount |
|---|------|--------|
| 16. | | $ N/A |
| 17. | | $ N/A |
| 18. | | $ N/A |
| 19. | | $ N/A |
| 20. | | $ N/A |
| 21. | | $ N/A |
| 22. | | $ N/A |
| 23. | | $ N/A |
| 24. | Total Products (Add lines 16 through 23) | $ N/A |
| 25. | Cash Sale Price (Add lines 3 + 15 + 24) | $ 14027.58 |
| 26. | Trade-in Allowance | $ N/A |
| 27. | Less Payoff | $ N/A |
| 28. | Net Trade Allowance (Line 26-27) | $ N/A |
| 29. | Cash Down Payment | $ N/A |
| 30. | Deferred Down Payment | $ N/A |
| 31. | Total Down Payment (Line 28 + 29 + 30) | $ N/A |
| 32. | Total Balance Due (Line 25-31) | $ 14027.58 |

Buyers Order
Bankers Systems™
Wolters Kluwer Financial Services © 2008

EXHIBIT 1

BUY-ORDER 2/14/2012
Page 1 of 3

## Additional Terms

**Definitions.** *Contract* refers to this *Buyer's Order*. The pronouns *you* and *your* refer to each Buyer signing this Contract. The pronouns *we, us* and *our* refer to the Dealer/Seller. *Vehicle* means the motor vehicle described in the *Vehicle Information* section. *Trade-in Vehicle(s)* refers to the vehicle described in the *Trade-in Information* section that is being traded to the Dealer/Seller as part of this transaction. *Manufacturer* refers to the entity that manufactured the Vehicle.

**Agreement to Purchase.** You agree to buy the Vehicle from us for the price stated in this Contract. You agree to sign any documents necessary to complete this transaction. Unless you have cancelled this Contract under the condition described in the *Manufacturer* section, if you refuse to take delivery of the Vehicle, we can keep any deposits you have made to us, and you will be liable to us for all of our damages and expenses in connection herewith, including but not limited to reasonable attorneys' fees.

You represent that you are of legal age and have legal capacity to enter into this Contract.

**Manufacturer.** We are not an agent of the Manufacturer. Manufacturer can change the price, design or standard features of the Vehicle at any time without notice. If we cannot obtain the Vehicle from the Manufacturer at the price in effect as of the date of this Contract, or if we cannot obtain the agreed upon product from the Manufacturer, you or we can cancel this Contract.

If you cancel this Contract under the terms of this section, we will refund to you any amounts you have paid to us. If you have delivered a Trade-in Vehicle to us, we will return it to you. If we have already sold the Trade-in Vehicle, we will pay you the trade-in allowance after adjusting for any payoff to a lienholder.

**Insurance.** The insurance information you have given us is accurate.

**Trade-in Vehicle.** You will transfer title to the Trade-in Vehicle to us free of all liens except those noted on this Contract. You give permission to us to contact the lienholder(s) for payoff information. If the payoff information that we obtain from the lienholder(s) differs from the amount disclosed in this Contract, you agree to pay the difference to us if the actual amount of the balance owed is greater than the amount listed in this Contract. If the actual amount of the balance owed is less than the amount listed in this Contract, then we will pay you the difference.

If you do not deliver the Trade-in Vehicle to us at the time of the initial appraisal, we may reappraise the Trade-in Vehicle when it is delivered to us. If the reappraised value is lower than the original appraisal, you can cancel this transaction as long as you have not taken delivery of the Vehicle.

You represent that (a) you are the sole true and lawful owner of the Trade-in Vehicle, (b) the Trade-in Vehicle has never been titled under any state or federal "brand" such as "defective," "rebuilt," "salvage," "flood," etc., (c) the mileage of the Trade-in Vehicle shown in this Contract is the actual mileage of the Trade-in Vehicle, (d) all emission control equipment is on the Trade-in Vehicle and is in satisfactory working order, and (e) the Trade-in Vehicle has not been damaged by collision or other event and repaired. If any of these representations are not true, we may elect to cancel the transaction. We may also choose to reappraise the Trade-in Vehicle and adjust the Total Balance Due instead of cancelling the transaction. You agree to immediately pay us the difference.

**Retail Installment Contract.** In the event that you and we enter into a retail installment contract for the financing of the purchase of the Vehicle, the terms of the retail installment contract will control any inconsistencies between this Contract and the retail installment contract.

**Vehicle Inspection.** You are purchasing the Vehicle based upon your personal inspection, and are not relying upon any opinion, statement, promise or representation of the salesperson, or any other of our employees that is not contained in the written agreements you are signing today.

**Vehicle Condition.** You understand that the Vehicle may have sustained prior body damage and may have undergone prior mechanical repairs during or after its manufacture, during or after transit to us or while in the possession of prior owners or operators.

## Warranty Information

**Warranty.** We make no express or implied warranties. Except as required by law, we make no implied warranty of merchantability and no warranty that the Vehicle is fit for a particular purpose. We sell the Vehicle AS IS - NOT EXPRESSLY WARRANTED OR GUARANTEED, WITH ALL FAULTS.

If this is a new Vehicle, the Vehicle is subject to a standard written manufacturer's warranty. This warranty is made by the manufacturer and not by us.

**Used Car Buyer Notice.** If you are buying a used vehicle, the information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

Guía para compradors de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

## Notices

☐ You understand that the balance owed on the Trade-in exceeds the Trade-in Allowance and that as a result the Total Balance Due has been increased by this $ N/A of negative equity.

## Signatures

This agreement is not binding upon the Dealer\Seller until it is signed by an authorized representative of the Dealer\Seller.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it. This is the complete agreement; there are no other written or oral agreements.

☐ A separate Arbitration Agreement is a part of this Contract.

_____  4/30/2016
Nikol Michel Dor                  Date

_____
                                  Date

_____
                                  Date

_____  4/30/2016
Dealer\Seller Auto Market         Date

MD-103-ARB 10/31/2010

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| Auto Market<br>13400 Baltimore Ave # A1<br>Laurel, MD 20707 | Nikol Michel Dor<br>13318 Old Anapolis Rd<br>Mount Airy, MD 21771 | No.<br>Date | 1068<br>4/30/2016 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ N/A |
|---|---|---|---|---|
| 4.99 % | $ 1851.42 | $ 14027.58 | $ 15879.00 | $ 15879.00 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | $ 264.65 | Monthly, Beginning 05/30/16 |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 15 days after its due date, you will be charged a late charge of the greater of 10% of the unpaid amount of the payment due or $5.00.

**Prepayment.** If you pay off this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2014 | Volkswagen | Passat | Sedan | 1vwat7a33ec070477 | 23560 |

☐ New  ☒ Used  ☐ Demo    Other:

## Description of Trade-In

## Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ 14027.58 plus finance charges accruing on the unpaid balance at the rate of 4.99 % per year from the date of this Contract until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Late Charge.** If all or any portion of a payment is not paid within 15 days after its due date, you will be charged a late charge of the greater of 10% of the unpaid amount of the payment due or $5.00.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

The following charges are included in the Cash Price of Vehicle:

Dealer Processing charge (not required by law)
$ N/A

Freight Charge $ N/A

**Statutory Authority.** This sale is made under Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland.

Retail Installment Contract-MD Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010



RSMV10LFAZMD 10/31/2010
Page 1 of 6

### Itemization of Amount Financed

| | | |
|---|---|---|
| a. Cash Price of Vehicle, etc. (incl. sales tax of $ 779.58_____) | $ | 13772.58 |
| b. Trade-in allowance | $ | N/A |
| c. Less: Amount owing, paid to (includes k): _____ | $ | N/A |
| d. Net trade-In (b-c; if negative, enter $0 here and enter the amount on line k) | $ | N/A |
| e. Cash payment | $ | N/A |
| f. Manufacturer's rebate | $ | N/A |
| g. Deferred down payment | $ | N/A |
| h. Other down payment (describe) _____ | $ | N/A |
| i. Down Payment (d+e+f+g+h) | $ | N/A |
| j. Unpaid balance of Cash Price (a-i) | $ | 13772.58 |
| k. Financed trade-in balance (see line d) | $ | N/A |
| l. Paid to public officials, including filing fees | $ | 255.00 |
| m. Insurance premiums paid to insurance company(ies) | $ | N/A |
| n. Optional Mechanical Repair Contract | $ | N/A |
| o. _____ | $ | N/A |
| p. _____ | $ | N/A |
| q. _____ | $ | N/A |
| r. _____ | $ | N/A |
| s. _____ | $ | N/A |
| t. _____ | $ | N/A |
| u. _____ | $ | N/A |
| v. Total Other Charges/Amts Paid (k thru u) | $ | 255.00 |
| w. Prepaid Finance Charge | $ | N/A |
| x. Amount Financed (j+v-w) | $ | 14027.58 |

We may retain or receive a portion of any amounts paid to others.

[This area intentionally left blank.]

### Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single ☐ Joint ☐ None
Premium $ N/A   Term _____
Insured _____

**Credit Disability**
☐ Single ☐ Joint ☐ None
Premium $ N/A   Term _____
Insured _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

_____ DOB _____
By:

_____ DOB _____
By:

_____ DOB _____
By:

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A_____. If you get insurance from or through us you will pay $ N/A_____ for _____ of coverage.

This premium is calculated as follows:

☐ $ N/A_____ Deductible, Collision Cov. $ N/A_____
☐ $ N/A_____ Deductible, Comprehensive $ N/A_____
☐ Fire-Theft and Combined Additional Cov. $ N/A_____
☐ _____ $ N/A_____

Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.

### Rejection of Arbitration

Checking the following box will not affect the terms under which we will finance and sell the Property or any of the terms of this Contract, except that the arbitration provision will not be a part of this Contract:

☐ You reject the arbitration provision of this Contract.

### Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Optional Mechanical Repair Contract

Term _____
Price $ N/A _____
Coverage _____

☐ Gap Waiver or Gap Coverage

Term _____
Price $ N/A _____
Coverage _____

☐ _____

Term _____
Price $ N/A _____
Coverage _____

_[signature]_ 4/30/2016
By: _____ Date

By: _____ Date

By: _____ Date

### Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is dishonored on the second presentment, you agree to pay a fee of $15.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Maryland and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract (except as prohibited by law) if you fail to perform any obligation that you have undertaken in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract to the extent the law permits us to charge you these amounts. You also agree to pay reasonable attorneys' fees if we refer this Contract to an attorney who is not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract, subject to any right the law gives you to cure or to reinstate this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, and subject to your right, if any, to cure the default and reinstate the Contract, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by judicial process or self-help, (without resort to judicial process), but in doing so we may not breach the peace or unlawfully enter onto your premises.
- If you do not exercise any right the law gives you to redeem or cure the default and reinstate the Contract, we may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

### Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:
- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Arbitration Provision

**Arbitration Provision. PLEASE READ CAREFULLY!** By agreeing to this arbitration provision you are giving up your right to go to court for claims and disputes arising from this Contract:
- **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to:
1. the credit application;
2. the purchase of the Property;
3. the condition of the Property;
4. this Contract;
5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or
6. any related transaction, occurrence or relationship.

This includes any Claim based on common or constitutional law, contract, tort, statute, regulation, or other ground. To the extent allowed by law, the validity, scope, and interpretation of this arbitration provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Rather, the Claim will be arbitrated on an individual basis, and not on a class or representative basis.

The party electing arbitration may choose any of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org); JAMS, 1920 Main Street, Suite 300, Irvine CA 92614 (www.jamsadr.com); or National Arbitration and Mediation (NAM), 990 Stewart Ave., Garden City, NY 11530 (www.namadr.com). You may get a copy of the applicable rules of these organizations by contacting them or visiting their websites. If the chosen arbitration organization's rules conflict with this arbitration provision, then the terms of this arbitration provision will govern the Claim. If none of these arbitration organizations is willing or able to handle the arbitration, the arbitrator can be selected pursuant to 9 U.S.C. Sections 5 and 6.

The arbitration hearing will be carried out in the federal district where you reside, unless you and we otherwise agree. Or, if you and we consent, the arbitration hearing can be by telephone. In connection with any arbitration, if you so request, we shall advance your filing, administration, service or case management fee, and your arbitrator or hearing fee, up to a total of $2,500.00. Unless the arbitrator awards them to a party, each party is responsible for the fees of its attorneys, experts, witnesses, and any other fees or costs, including any amount we have advanced.

An arbitrator must be a lawyer with at least ten (10) years experience and familiar with consumer credit law or a retired state or federal court judge. Except as provided below, the arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Furthermore, Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act (*"FAA"*), 9 U.S.C. Sections 1, et seq., except that (i) if a single arbitrator awards you less than $5,000 you shall be entitled, upon request made within 20 days after the entry of that award, to have the award set aside and the Claim rearbitrated by a panel of three arbitrators, and (ii) if the single arbitrator awards you more than $100,000 we shall be entitled, upon request made within 20 days after the entry of that award, to have the award set aside and the Claim rearbitrated by a panel of three arbitrators. The party requesting such rearbitration will be required to pay the filing, administration, service or case management fee and the arbitrators and hearing fee, subject to final determination by the arbitration panel. Any court having jurisdiction can enforce a final arbitration award.

You or we can do the following without giving up the right to require arbitration:
- Seek remedies in small claims court for Claims within the small claims court's jurisdiction, or
- Seek judicial provisional remedies.

If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This arbitration provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this arbitration provision is deemed or found to be unenforceable for any reason, the remainder of this arbitration provision will remain in full force and effect. The one exception is that, if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis then this arbitration provision will be unenforceable in its entirety.

You and we expressly agree that this arbitration provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

By signing this Contract you are agreeing to the terms of this arbitration provision, unless you reject it as provided in the next paragraph.

Caution: It is important that you read this arbitration provision thoroughly before you sign this Contract. By signing this Contract, you are acknowledging that you have read and understand this arbitration provision. If you do not understand something in this arbitration provision, do not sign this Contract; instead ask your lawyer. You can reject this arbitration provision by checking the box in the *Rejection of Arbitration* section of this Contract before you sign this Contract. If you do so, this arbitration provision will not be a part of this Contract, but all the rest of this Contract will continue to be binding and effective.

### Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

N/A
By: _____ Date

### Signature Notices

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

Arbitration. This Contract contains an Arbitration Provision that <u>affects your rights</u>.

### Signatures

Entire Agreement. Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: _____ 4/30/2016
Nikol Michel Dor           Date

By: _____ Date

By: _____ Date

Notice to Buyer. (1) Do not sign this Contract before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You acknowledge delivery and receipt of a completely filled in, signed copy of this Contract. You have had a chance to read and review this Contract before you signed it.

Buyer

By: _____ 4/30/2016
Nikol Michel Dor           Date

By: _____ Date

By: _____ Date

Seller

By: _____ 4/30/2016
Auto Market           Date

**Assignment.** This Contract and Security Agreement is assigned to
GatewayOne Lending
PO Box 1013 Atwood CA 92811 , the Assignee, phone
_____ . This assignment is made under the terms of a separate
agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse.

Seller

_____ 4/30/2016
By: Auto Market                     Date


150 N. Riverview Dr. Suite 100
Anaheim, CA 92808
8AM-5PM PST

Date: August 16, 2016

## Re-assignment of Contract

This re-assignment is attached to and expressly made a part of the Retail Installment Contract described below.

| Borrower | Vehicle | VIN | Contract Date |
|---|---|---|---|
| DOR NIKOL | 2014 VOLKSWAGEN PASSAT WOLFSBURG 4D SEDAN | 1VWAT7A33EC070477 | 4/30/2016 |

For value received, Gateway One Lending & Finance, LLC ("Assignor") hereby sells, transfers and re-assigns to AUTO MARKET ("Assignee"), its successors and assigns, all of the Assignor's right, title and interest in and to the Contract. This re-assignment specifically includes, but is not limited to, all right, title and interest of the Assignor to any insurance policies or insurance proceeds purchased or endorsed or obtained under the terms of the Contract. This re-assignment further includes all rights, title and interest in or to any property or security interest described or provided for in the Contract.

This re-assignment is made pursuant to the Dealer Agreement entered into between the Assignor and the Assignee, the terms and conditions of which are hereby ratified, affirmed, and incorporated herein by this reference. This assignment shall be binding on the Assignor, its successors and assigns.

Gateway One Lending & Finance, LLC ("Assignor")

By: _____

Printed Name: Phil Nelson

Title: Manager, Titles

**EXHIBIT 3**